**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| INTEGRAL WIRELESS TECHNOLOGIES LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> D-LINK SYSTEMS, INC., <br><br> *Defendant.* | Civil Action No. 7:26-cv-00121 <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Integral Wireless Technologies LLC (hereinafter, "Integral Wireless" or "Plaintiff") files this Complaint for Patent Infringement against Defendant D-Link Systems, Inc. ("D-Link" or "Defendant") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

**NATURE OF THE ACTION**

1.     This is a patent infringement action to stop Defendant's infringement of the following United States Patents (collectively, the "Asserted Patents") issued by the United States Patent and Trademark Office ("USPTO"):

| | Patent No. | Title | Available At |
|---|---|---|---|
| 1. | 7,483,878 | Generation and Presentation of Search Results Using Addressing Information | USPTO.gov, https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/7483878 |
| 2. | 7,676,007 | System and Method for Interpolation Based Transmit Beamforming for MIMO-OFDM with Partial Feedback | USPTO.gov, https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/7676007 |
| 3. | 7,653,031 | Advance Notification of Transmit Opportunities On A Shared-Communications Channel | USPTO.gov, https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/7653031 |

|   | Patent No. | Title | Available At |
|---|---|---|---|
| 4. | 7,398,408 | Systems and Methods for Waking Up Wireless LAN Devices | USPTO.gov, https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/7398408 |
| 5. | 8,812,888 | Systems and Methods for Scanning for A Wake Up Packet Addressed to A Wireless Device | USPTO.gov, https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/8812888 |
| 6. | 7,949,068 | Systems and Methods for Transmitter Diversity | USPTO.gov, https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/7949068 |
| 7. | 8,139,544 | Pilot Tone Processing Systems and Methods | USPTO.gov, https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/8139544 |
| 8. | 7,269,127 | Preamble Structures for Single-Input, Single-Output (SISO) and Multi-Input, Multi-Output (MIMO) Communication Systems | USPTO.gov, https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/7269127 |

2.     Integral Wireless seeks injunctive relief and monetary damages.

**PARTIES**

3.     Integral Wireless is a limited liability company formed under the laws of Texas with a registered office address located at 512 W Martin Luther King Jr. Blvd., Unit 281, Austin, TX 78701.

4.     Defendant D-Link is a corporation organized under the laws of the State of California with a principal place of business at 14420 Myford Road, Suite 100, Irvine, California 92606, and may be served through its registered agent for service of process.

5.     Upon information and belief, Defendant D-Link is registered to do business in Texas and has a regular and established place of business in this District, including at 11000 N. Mopac Expressway, Building 300, Austin, Texas 78759 and 11342 I.H. 35 North, San Antonio, Texas 78233.

## JURISDICTION AND VENUE

6.    Integral Wireless repeats and re-alleges the allegations in Paragraphs above as though fully set forth in their entirety.

7.    This Court has subject matter jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the patent laws of the United States, 35 U.S.C. § 271, et seq.

8.    This Court has personal jurisdiction over D-Link pursuant to due process and/or the Texas Long Arm Statute because, inter alia, (i) D-Link has done and continues to do business in the United States, including in the State of Texas; (ii) D-Link has committed and continues to commit acts of patent infringement in the United States, including in the State of Texas, including making, using, offering to sell, and/or selling accused products in the United States and Texas, and/or importing accused products into the United States and Texas, including by Internet sales and sales via retail and wholesale stores, inducing others to commit acts of patent infringement in the United States and Texas, and/or committing at least a portion of any other infringements alleged herein, to infringement by its parents, subsidiaries, partners, affiliates, and end-users through its use of the Accused Products.

9.    Based on Defendant D-Link's connections and relationship with its distributors, resellers, contractors, dealers, installers, local and U.S. based national retailers, and digital distribution platforms, D-Link knows that Texas is a termination point of the established distribution channel for the sale and use of D-Link products.  D-Link, therefore, has purposefully directed its activities at Texas, and should reasonably anticipate being brought in this Court, at least on this basis. *See Icon Health & Fitness, Inc. v. Horizon Fitness, Inc.*, 2009 WL 1025467, at (E.D. Tex. 2009) (finding that "[a]s a result of contracting to manufacture products for sale in"

national retailers' stores, the defendant "could have expected that it could be brought into court in the states where [the national retailers] are located").

10.    Venue is proper against Defendant in this District pursuant to 28 U.S.C. § 1400(b) because it has maintained established and regular places of business in this District and has committed acts of patent infringement in this District. *See In re: Cray Inc.*, 871 F.3d 1355, 1362-1363 (Fed. Cir. 2017).  For example, Defendant D-Link has a regular and established place of business in this District at  11000 N Mopac Expressway, Building 300 Austin, TX 78759 and 11342 I.H. 35 North San Antonio, TX 78233 through its partnerships and distribution partners and the level of control exercised over the sales, marketing, storage, and service of D-Link's products. Accordingly, D-Link may be sued in this district under 28 U.S.C. § 1400(b).  Moreover, D-Link is registered to do business in Texas.  *See* Filing Number 13301504356, Texas Secretary of State, https://direct.sos.state.tx.us/corp_inquiry/corp_inquiry-entity.asp?; https://comptroller.texas.gov/taxes/franchise/account-status/search/13301504356  (last accessed April 1, 2026).

## THE ACCUSED PRODUCTS

11.    Integral Wireless repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

12.    Defendant uses, causes to be used, sells, offers for sale, provides, supplies, or distributes various home security platforms and systems, including, but not limited to, the "Accused Products" set forth below:

- D-Link websites ("D-Link Websites");

- 802.11n compatible devices ("D-Link 802.11n Compatible Devices") including, but not limited to:

o AX6000 Wi-Fi 6 Smart Mesh Router (M60), AX3000 Wi-Fi 6 Smart Mesh Router (M30), EAGLE PRO AI AX1500 Mesh System (M15 1-Pack), EAGLE PRO AI AX1500 Mesh System (M15 2-Pack), EAGLE PRO AI AX1500 Mesh System (M15 3-Pack), EAGLE PRO AI AX3200 Mesh System (M32 1-Pack), EAGLE PRO AI AX3200 Mesh System (M32 2-Pack), AX1800 Mesh Router (M18 1-Pack), EAGLE PRO AI AX1500 Smart Router (R15), AX5400 Wi-Fi 6 Router (DIR-X5460), AC1750 MU-MIMO Wi-Fi Gigabit Router (DIR-1750), Smart AC3000 High Power Wi-Fi Tri Band Gigabit Mesh Router (DIR-3040), AX1500 Mesh Range Extender (E15), AC1200 WiFi Range Extender (DAP-1610), AX3000 Wi-Fi 6 Mesh Range Extender (E30), 5G NR AX3000 Wi-Fi 6 Router (G530), AX3000 Wi-Fi 6 Router (X530), Compact-Full-Hd-Wi-Fi-Camera (DCS-6100LHV2), 2K QHD Indoor Wi-Fi Camera (DCS-8350LH), Compact Full HD Wi-Fi Camera (DCS-6100LH), AX3000 Wi-Fi 6 PCle Adapter with Bluetooth 5.1 (DWA-X3000), Wireless AC1200 Dual Band PCI Express Adapter (DWA-582), AX1800 Wi-Fi 6 USB Adapter (DWA-X1850), VR Air Bridge (DWA-F18), Whole Home Smart Wi-Fi Water Leak Sensor Kit (DCH-S1621KT), Cloud Managed Access Points (DBA-1210P, DBA-2520P, DBA-2820P, DBA-3620P, DBA-3621P, DBA-X1230P, DBA-X2830P, DAP-2610, DAP-2682, DAP-X2810, DAP-X2850, DAP-X3060, DAP-2662, DAP-3666, DIS-2650AP, DIS-3650AP), Routers- (DWR-978, DSR-1000AC), Access Points (DAP-2020, DAP-3711, DAP-3712, DWL-6610AP/APE, DWL-6620APS, DWL-8620AP/APE, DWL-8720AP,

DWL-X8630AP, DAP-1360), Smart AI Cameras (DCS-8635LH, DCS-8000LHV3, DCS-8300LHV2), DWA-121, Wireless-N Nano USB Adapter (DWA-131), AC1300 MU-MIMO Wi-Fi Nano USB Adapter (DWA-181), Wireless N High-Gain USB Adapter (DWA-137), Wireless AC Dual Band USB Adapter (DWA-171), Wireless AC600 Dual Band USB Adapter with External Detachable Antenna (DWA-172), DWA-182, N300 4G Smart Router (G403), AX1500 4G Smart Router (G415), AX1500 4G CAT6 Smart Router (G416), EAGLE PRO AI AX3200 Smart Router (R32), 4G LTE M2M Router (DWM-313), 4G LTE Mobile WiFi Hotspot 150 Mbps (DWR-932), 5G Wi-Fi 6 Mobile Hotspot (DWR-2101), D-Link Wi-Fi 6 AX1800 Gigabit USB 3.0 Adapter with Cradle for Upgrading Desktop & Laptop PCs - (DWA-X1850-B1), D-Link AQUILA PRO AI AX3000 Smart WiFi 6 Mesh Router System 2-Pack - (M30/2), D-Link AQUILA PRO AI AX6000 Dual-Band Wi-Fi 6 Mesh System 2-Pack (M60/2), D-Link AQUILA PRO AI AX3000 Smart WiFi 6 Mesh Router System 3-Pack - (M30/3), D-Link AQUILA PRO AI AX6000 Dual-Band Wi-Fi 6 Mesh System 3-Pack (M60/3), D-Link WiFi Router AX1800 WiFi 6 - (DIR-X1870), DCS-6500LHV2, Tri Band Whole Home Wi-Fi System (COVR-2202-US), AC1200 Dual Band Whole Home Wi-Fi System- (COVR-C1203-US), Wireless AC1200 Dual Band Router with High-Gain Antennas (DIR-822-US), D-Fend AC2600 Wi-Fi Router (DIR-2680), Wi-Fi AC750 Dual Band Range Extender (DAP-1520), AirPremier® N Dual Band, PoE Access Point powered by CloudCommand™ (DAP- 2555), AirPremier® N

Dual Band Exterior PoE Access Point (DAP-3520), Cloud Camera 2200 (DCS-2132L), Full HD Wi-Fi Camera (DCS-2230L), HD Pan, Tilt & Zoom Wi-Fi Camera (DCS-5025L), Pan & Tilt Day/Night Network Camera (DCS-5020L), D-Link Cloud Camera 5000 Pan/Tilt HD Day & Night Network Camera (DCS-5222L), Wi-Fi Baby Monitor (DCS-800L), Wi-Fi Baby Monitor (DCS-820L), Wi-Fi Baby Camera (DCS-825L), Wireless N Day/Night Home Network Camera (DCS-932L), HD WI-FI CAMERA (DCS-936L), HD 180-DEGREE WI-FI CAMERA (DCS-960L), Cloud Router (DIR-605L), Wireless N300 VPN SOHO Router (DIR-640L), AC1750 Wi-Fi Router (DIR-869), AC1900 Wi-Fi Router (DIR-879), AC3150 Ultra Wi-Fi Router (DIR-885L/R), Wireless AC3200 Ultra Wi-Fi Route (DIR-890L), AC5300 Ultra Wi-Fi Router (DIR-895L), AC2600 WI-FI RANGE EXTENDER (DAP-1860), AC2000 Wi-Fi Range Extender (DAP-1820), AirPremier N Dual Band PoE Access Point with Plenum-rated Chassis (DAP-2590), Air Premier® N Dual Band Exterior PoE Access Point powered by CloudCommand™ (DAP-3525), AirPremier® N Dual Band Outdoor PoE Access Point (DAP-3690), Wi-Fi MOTION SENSOR (DCH-S150), mydlink® Wi-Fi Water Sensor (DCH-S160), mydlink® Wi-Fi Siren (DCH-S220), FULL HD 180-DEGREE WI-FI CAMERA (DCS-2530L), FULL HD 180-DEGREE WI-FI CAMERA (DCS-2360L), DCS-2630L, HD 180-DEGREE WI-FI CAMERA (DCS-8200LH), Cloud Camera 1150 (DCS-933L), HD WI-FI CAMERA (DCS-935L), AC1750 WI-FI ROUTER (DIR-859), Wi-Fi SMART PLUG (DSP-W215), Unified

Services Routers (DSR-150N, DSR-250N, DSR-500N), AC3900 Whole Home Wi-Fi System (COVR-3902-US), Dual Band Whole Home Wi-Fi System (COVR-C1213), Hybrid Whole Home Powerline Wi-Fi System (COVR-P2502), Tri Band Whole Home Mesh Wi-Fi System (COVR-R2203), AC1200 Wi-Fi Range Extender (DAP-1620), AC1300 Wi-Fi Range Extender (DAP-1620), HD PAN & TILT WI-FI CAMERA (DCS-5030L), Mini HD Wi-Fi Camera (DCS-8000LH/2PK), AC1200 MU-MIMO Wi-Fi Gigabit Router (DIR-842), AC1750 MU-MIMO Wi-Fi Router (DIR-867), AC1900 MU-MIMO Wi-Fi Router (DIR-878),  AC2600 MU-MIMO Wi-Fi Router (DIR-882), OMNA™ 180 CAM HD (DSH-C310), Wi-Fi SMART PLUG (DSP-W110), Wireless AC1200 Concurrent Dual Band Gigabit PoE Access Point (DAP-2660), AC1200 Wi-Fi Gigabit Route (DIR-1260), AC1300 Smart Mesh Wi-Fi Router (DIR-1360), AC1900 MU-MIMO Wi-Fi Gigabit Router (DIR-1950), AC1900 Smart Mesh Wi-Fi Router (DIR-1960), AC2600 High-Power Wi-Fi Router (DIR-2640), AC2600 Smart Mesh Wi-Fi Router (DIR-2660), AX1500 Mesh Wi-Fi 6 Router (DIR-X1550), Dual-Band 802.11n Unified Wireless Access Point (DWL-6700AP), AX900 Wi-Fi 6 USB Adapter (AX9UA1), AX1800 Wi-Fi 6 USB Adapter Wi-Fi 6 AX1800 USB 3.0 Dongle (AX18U), AX1800 Wi-Fi 6 USB Adapter (DWA-X1850B1, DWA-X1850), D-Link Bundles (such as D-Link Wi-Fi 6 AX1800 Gigabit USB 3.0 Adapter with Cradle for Upgrading Desktop & Laptop PCs - (DWA-X1850-B1) Bundle, D-Link AQUILA PRO AI AX3000 Wi-Fi 6 Smart Mesh Router w/ Wi-Fi

6 USB Adapter - MBUND30-1)DWA-T185, Wireless AX3000 Dual-Band PCI Express Adapter (WAX582A1), 802.11ac Wireless USB Adapter (DWA-192), AC13UA1, Cameras (such as DCS-8302LH-B1, DCS-8302LH-A1, DCS-8620LH, DCS-8515LH, DCS-8000LHV2, DCS-8325LH, DCS-6500LH, DCS-8330LH, DCS-8630LH, DCS-8627LH, DCS-8301LH, DCS-8526LHA1, DCS-8526LHB1), Nuclias Connect AX3000 Outdoor Access Point (DAP-X3060OU), Wireless AC1200 Wave 2 Dual-Band wall-plate PoE AP (DAP-2620), DBA-2720P, DAP-2720, DBA-1520P, DAP-2622, DWL-6720AP, DBA-X5480P, DNH-100, DNH-200, AX6000 Wi-Fi 6 Smart Home Gateway Wi-Fi 6 AX6000 IoT Gateway (MS60), AX3000 Wi-Fi 6 Smart Home Gateway Wi-Fi 6 AX3000 IoT Gateway (MS30), 5G IIoT Gateway (DOM-550-GSO), D-Link DTM-550-G G Transit Gateway, D-Link DTM-570-GS 5G Transit Gateway, BE9500 Wi-Fi 7 Smart Mesh Router Wi-Fi 7 BE9500 Mesh Router (M95), 4G LTE Router (DWR-M921), DIR-3060, DIR-1760, DAP-X1870, DAP-1750, DAP-1755, DAP-1955, DAP-1950, DAP-X1860, DAP-1530, DRA-2060, DWR-932C, Wireless N300 4G LTE Router (DWR-920V), U.S. Cellular Home Phone (DWR-920V), DIR-X6060, DIR-X1860, DIR-2150, DIR-X3260, AX1800 Smart Router (R18A1), AC1200 Smart Router (R12), Wireless N300 Router (DIR-615), AX1500 Wi-Fi 6 Router (DIR-X1560), N300 Wi-Fi AI Router (R04), N300 Wi-Fi AI Router (R03), COVR-1100, COVR-1102, COVR-1103, COVR-X1860, COVR-X1862, COVR-X1863, COVR-X1864, COVR-1900, COVR-L1900, DIR-853, G530/XX,

G530/XXX, DSR-1000, DSR-500, DSR-500R, DBG-800, DBG-X1000, DWM-530-T, DWM-550-G, SW-A11KT, Sensor (Wi-Fi Water Leak Sensor Starter Kit (SW-A11KT),Remote Water Leak Sensing Pod (SW-A2), AC Powered Wi-Fi Water Leak Sensor (DCH-S162 A1), Wi-Fi SMART PLUG ( DSP-W320), Refurbished products (AQUILA PRO AI AX6000 Dual-Band Wi-Fi 6 Router (M60/RE), D-Link [Certified Open Box] AQUILA PRO AI AX3000 Wi-Fi 6 Smart Mesh Extender - E30/RE ), D-Link [Certified Refurbished] WiFi5 AC1200 Extender (DAP-1610/RE),D-Link [Certified Refurbished] WiFi Range Extender, AC2000 Dual Band for Smart Home (DAP-1820/RE), D-Link [Certified Refurbished] Full HD Pan & Tilt Wi-Fi Camera w/ 360 Degree View, 1080p, Flexible Recording, Night Vision (DCS-6500LHV2/RE), D-Link [Certified Refurbished] 2K QHD Indoor WiFi Camera mydlink - Night Vision, Sound Detection - DCS-8350LH/RE, D-Link [Certified Refurbished] Compact Full HD Pro Wi-Fi Camera w/1080p, Sound/Motion Detection, Flexible Recording, Night Vision (DCS-6100LHV2/RE),D-Link [Certified Refurbished] Water Leak Sensor Kit - (DCH-S1621KT/RE), D-Link [Certified Refurbished] mydlink Wi-Fi Water Sensor - (DCH-S161-US/RE) , Bluetooth card (Intel WiFi 6 AX200 AX200NGW), DSP-W118

- Bluetooth compatible devices ("D-Link Bluetooth Devices") including, but not limited to:

  o AX3000 Wi-Fi 6 PCIe Adapter with Bluetooth 5.1 (DWA-X3000), DWA-X582, AX900 Wi-Fi 6 USB Adapter (AX9U), DCH-G601W, DCS-

8635LH, DCS-8526LH, Wi-Fi Smart Plug (PM-01M), 2K QHD Outdoor Wi-Fi Camera (DCS-8620LH), M18 AX1800 Wi-Fi 6 AI Router, R32 AX3200 Smart Router, D-Link Add-on Remote Battery-Powered Water Leak Sensing Pod (SW-A2), DIR-X6060, DCH-G601W, M18 AX1800 Wi-Fi 6 AI Router

- 802.11/Bluetooth compatible devices ("D-Link 802.11/BT Compatible Devices") including, but not limited to:

  o 2K QHD Outdoor Wi-Fi Camera (DCS-8620LH), Wireless AX3000 Dual-Band PCI Express Adapter (DWA-X582), 2K QHD Indoor Wi-Fi Camera (DCS-8350LH), 2K QHD Pan & Zoom Outdoor Wi-Fi Camera (DCS-8635LH), 2K QHD Pan & Tilt Wi-Fi Camera (DCS-8526LHB1), 2K QHD Pan & Tilt Wi-Fi Camera (DCS-8526LHA1), U.S. Cellular Home Phone (DWR-920V), AX3200 Mesh Wi-Fi 6 Router (DIR-X3260), AC1750 High Performance Mesh Wi-Fi Range Extender (DAP-1750), AC1750 Gigabit Dualband 3*3 11AC MU-MIMO Wi-Fi Range Extender (DAP-1755), Intel WiFi 6 AX200 (AX200NGW), X3200 WI-FI 6 AI MESH SYSTEM, AX3200 WI-FI 6 AI MESH ROUTER, AX3200 MESH ROUTER, AX3200 MESH SYSTEM, AX3200 MESH WI-FI 6 ROUTER (M32), AC1900 Dual Band Whole Home Mesh Wi-Fi System (COVR-1900), AC1900 Gigabit Dualband 3*3 11AC MU-MIMO Wi-Fi Range Extender (DAP-1955), AC1900 High Performance Mesh Wi-Fi Range Extender (DAP-1950), D-Link AQUILA PRO AI AX3000 Wi-Fi 6 Smart Mesh Router w/ Wi-Fi 6 USB Adapter - MBUND30-1, AX3000 Wi-Fi 6 Smart

**COMPLAINT FOR PATENT INFRINGEMENT**
W.D. Tex. No. 7:26-cv-00121 - Page | 11

Mesh Router (M30), D-Link AQUILA PRO AI AX3000 Smart WiFi 6 Mesh Router System 2-Pack - (M30/2),D-Link AQUILA PRO AI AX3000 Smart WiFi 6 Mesh Router System 3-Pack - (M30/3), AX900 Wi-Fi 6 USB Adapter Wi-Fi 6 AX900 USB 2.0 Dongle (AX9U), D-Link Expandable Smart Wi-Fi Water Leak Sensor Starter Kit (SW-A11KT), 2K Outdoor Wi-Fi Camera (DCS-8302LHA1), 2K Outdoor Wi-Fi Camera (DCS-8302LHB1), HD Pan & Tilt Wi-Fi Camera (DCS-8515LH), Smart Full HD Wi-Fi Camera (DCS-8325LH), Mini Full HD Wi-Fi Camera (DCS-8000LHV2), Smart Full HD Wi-Fi Camera (DCS-8330LH), Full HD Wi-Fi Spotlight Camera (DCS-8630LH), Full HD Outdoor Wi-Fi Spotlight Camera (DCS-8627LH), Full HD Wi-Fi Camera (DCS-8301LH), Wireless N300 4G LTE Router (DWR-920V), AX6000 Wi-Fi 6 Smart Home Gateway Wi-Fi 6 AX6000 IoT Gateway (MS60), Remote Water Leak Sensing Pod (SW-A2), AC Powered Wi-Fi Water Leak Sensor (DCH-S162 A1), Outdoor Wi-Fi Smart Plug (DSP-W320), Refurbished product- D-Link [Certified Refurbished] 2K QHD Indoor WiFi Camera mydlink - Night Vision, Sound Detection - DCS-8350LH/RE), Water Leak Sensor Kit - (DCH-S1621KT/RE)

- 802.11ac compatible devices ("D-Link 802.11ac Compatible Devices") including, but not limited to:

  o AX6000 Wi-Fi 6 Smart Mesh Router (M60), AX3000 Wi-Fi 6 Smart Mesh Router (M30), EAGLE PRO AI AX1500 Mesh System (M15 1-Pack), EAGLE PRO AI AX1500 Mesh System (M15 2-Pack), EAGLE PRO AI

AX1500 Mesh System (M15 3-Pack), EAGLE PRO AI AX3200 Mesh System (M32 1-Pack), EAGLE PRO AI AX3200 Mesh System (M32 2-Pack), AX1800 Mesh Router (M18 1-Pack), EAGLE PRO AI AX1500 Smart Router (R15), AX5400 Wi-Fi 6 Router (DIR-X5460), AC1750 MU-MIMO Wi-Fi Gigabit Router (DIR-1750), Smart AC3000 High Power Wi-Fi Tri Band Gigabit Mesh Router (DIR-3040), AX1500 Mesh Range Extender (E15), AC1200 WiFi Range Extender (DAP-1610), AX3000 Wi-Fi 6 Mesh Range Extender (E30), 5G NR AX3000 Wi-Fi 6 Router (G530), AX3000 Wi-Fi 6 Router (X530), Compact-Full-Hd-Wi-Fi-Camera (DCS-6100LHV2), 2K QHD Indoor Wi-Fi Camera (DCS-8350LH), Compact Full HD Wi-Fi Camera (DCS-6100LH), AX3000 Wi-Fi 6 PCle Adapter with Bluetooth 5.1 (DWA-X3000), Wireless AC1200 Dual Band PCI Express Adapter (DWA-582), AX1800 Wi-Fi 6 USB Adapter (DWA-X1850), VR Air Bridge (DWA-F18), Whole Home Smart Wi-Fi Water Leak Sensor Kit (DCH-S1621KT), Cloud Managed Access Points (DBA-1210P, DBA-2520P, DBA-2820P, DBA-3620P, DBA-3621P, DBA-X1230P, DBA-X2830P, DAP-2610, DAP-2682, DAP-X2810, DAP-X2850, DAP-X3060, DAP-2662, DAP-3666, DIS-2650AP, DIS-3650AP), Routers- (DWR-978, DSR-1000AC), Access Points (DAP-2020, DAP-3711, DAP-3712, DWL-6610AP/APE, DWL-6620APS, DWL-8620AP/APE, DWL-8720AP, DWL-X8630AP, DAP-1360), Smart AI Cameras (DCS-8635LH, DCS-8000LHV3, DCS-8300LHV2), , AC1300 MU-MIMO Wi-Fi Nano USB Adapter (DWA-181), Wireless AC Dual Band USB Adapter (DWA-171),

Wireless AC600 Dual Band USB Adapter with External Detachable Antenna (DWA-172), DWA-182, N300 4G Smart Router (G403), AX1500 4G Smart Router (G415), AX1500 4G CAT6 Smart Router (G416), EAGLE PRO AI AX3200 Smart Router (R32), 5G Wi-Fi 6 Mobile Hotspot (DWR-2101), D-Link Wi-Fi 6 AX1800 Gigabit USB 3.0 Adapter with Cradle for Upgrading Desktop & Laptop PCs - (DWA-X1850-B1), D-Link AQUILA PRO AI AX3000 Smart WiFi 6 Mesh Router System 2-Pack - (M30/2), D-Link AQUILA PRO AI AX6000 Dual-Band Wi-Fi 6 Mesh System 2-Pack (M60/2), D-Link AQUILA PRO AI AX3000 Smart WiFi 6 Mesh Router System 3-Pack - (M30/3), D-Link AQUILA PRO AI AX6000 Dual-Band Wi-Fi 6 Mesh System 3-Pack (M60/3), D-Link WiFi Router AX1800 WiFi 6 - (DIR-X1870), Tri Band Whole Home Wi-Fi System (COVR-2202-US), AC1200 Dual Band Whole Home Wi-Fi System- (COVR-C1203-US), Wireless AC1200 Dual Band Router with High-Gain Antennas (DIR-822-US), D-Fend AC2600 Wi-Fi Router (DIR-2680), Wi-Fi AC750 Dual Band Range Extender (DAP-1520), Full HD Wi-Fi Camera (DCS-2230L), Wireless N Day/Night Home Network Camera (DCS-932L), HD 180-DEGREE WI-FI CAMERA (DCS-960L), AC1750 Wi-Fi Router (DIR-869), AC1900 Wi-Fi Router (DIR-879), AC3150 Ultra Wi-Fi Router (DIR-885L/R), Wireless AC3200 Ultra Wi-Fi Route (DIR-890L), AC5300 Ultra Wi-Fi Router (DIR-895L), AC2600 WI-FI RANGE EXTENDER (DAP-1860), AC2000 Wi-Fi Range Extender (DAP-1820), FULL HD 180-DEGREE WI-FI CAMERA (DCS-2360L), DCS-2630L, HD 180-

DEGREE WI-FI CAMERA (DCS-8200LH), HD WI-FI CAMERA (DCS-935L), AC1750 WI-FI ROUTER (DIR-859), AC3900 Whole Home Wi-Fi System (COVR-3902-US), Dual Band Whole Home Wi-Fi System (COVR-C1213), Hybrid Whole Home Powerline Wi-Fi System (COVR-P2502), Tri Band Whole Home Mesh Wi-Fi System (COVR-R2203), AC1200 Wi-Fi Range Extender (DAP-1620), AC1300 Wi-Fi Range Extender (DAP-1620), AC1200 MU-MIMO Wi-Fi Gigabit Router (DIR-842), AC1750 MU-MIMO Wi-Fi Router (DIR-867), AC1900 MU-MIMO Wi-Fi Router (DIR-878),  AC2600 MU-MIMO Wi-Fi Router (DIR-882), Wireless AC1200 Concurrent Dual Band Gigabit PoE Access Point (DAP-2660), AC1200 Wi-Fi Gigabit Route (DIR-1260), AC1300 Smart Mesh Wi-Fi Router (DIR-1360), AC1900 MU-MIMO Wi-Fi Gigabit Router (DIR-1950), AC1900 Smart Mesh Wi-Fi Router (DIR-1960), AC2600 High-Power Wi-Fi Router (DIR-2640), AC2600 Smart Mesh Wi-Fi Router (DIR-2660), AX1500 Mesh Wi-Fi 6 Router (DIR-X1550), AX900 Wi-Fi 6 USB Adapter Wi-Fi 6 AX900 USB 2.0 Dongle (AX9U), AX1800 Wi-Fi 6 USB Adapter Wi-Fi 6 AX1800 USB 3.0 Dongle (AX18U), 11ac 2T2R Wireless LAN USB Adapter (DWA-T185), Wireless AX3000 Dual-Band PCI Express Adapter (DWA-X582), DWA-192, AC1300 Wi-Fi 5 USB Adapter Wi-Fi 5 AC1300 USB 2.0 Dongle (AC13U), 2K QHD Outdoor Wi-Fi Camera (DCS-8620LH), 2K QHD Pan & Tilt Wi-Fi Camera (DCS-8526LHB1), 2K QHD Pan & Tilt Wi-Fi Camera (DCS-8526LHA1), Nuclias Connect AX3000 Outdoor Access Point (DAP-X3060OU),

Wireless AC1200 Wave 2 Dual-Band wall-plate PoE AP (DAP-2620), Business Cloud Access Point/Nuclias Cloud-Managed AC2200 Wave 2 Access Point (DBA-2720P), Nuclias Connect AC2200 Wave2 Tri Band Access Point (DAP-2720), Business Cloud Access Point/Nuclias Cloud-Managed  AC1300 Wave 2 Access Point (DBA-2620P), Business Cloud Wave 2 Access Point, Nuclias Cloud-Managed AC1750 Wave 2 Access Point (DBA-1520P), Nuclias Connect AC1200 Wave 2 Wall-Plated Access Point (DAP-2622), Unified AC Concurrent Dual-band PoE Access Point (DWL-6720AP), Unified AX Dual-Band PoE Access Point (DWL-8630AP, DWL-8630APE, DWL-X8630APE), Nuclias Cloud Managed AXE5400 Access Point (DBA-X5480P), AX3000 Wi-Fi 6 Smart Home Gateway Wi-Fi 6 AX3000 IoT Gateway (MS30), 5G IIoT Gateway (DOM-550-GSO),  5G Transit Gateway (DTM-550-G), 5G Transit Gateway (DTM-570-GS),  BE9500 Wi-Fi 7 Smart Mesh Router Wi-Fi 7 BE9500 Mesh Router (M95), AC3000 Smart Mesh Wi-Fi Router (DIR-3060), AC1750 Smart Mesh Wi-Fi Router (DIR-1760), U.S. Cellular Home Phone (DWR-920V), AX6000 Wi-Fi 6 Router (DIR-X6060), AX3200 Mesh Wi-Fi 6 Router (DIR-X3260),Smart AX1800 Wi-Fi 6 Router (DIR-X1860 ), AC2100 Mesh Wi-Fi Gigabit Router AC2100 Wi-Fi Gigabit Router (DIR-2150), AX1800 Wi-Fi 6 AI Router AX1800 SMART ROUTER (R18), AC1200 SMART ROUTER (R12),  AX1500 Wi-Fi 6 Router (DIR-X1560), AX3200 Mesh Wi-Fi 6 Router (DIR-X3260), AC1200 Dual Band Mesh Wi-Fi Router (COVR-1100), AC1200 Dual Band Whole Home Mesh Wi-

Fi Router (COVR-1102, COVR-1103), AX1800 Dual-Band Mesh Wi-Fi 6 Router AX1800 Dual-Band Whole Home Mesh Wi-Fi 6 System (COVR-X1860, COVR-X1862, COVR-X1863, COVR-X1864), AX4800 Wi-Fi 6 Router (DIR-X4860), AX1800 Whole Home Mesh Wi-Fi 6 Router AX1800 Whole Home Mesh Wi-Fi 6 System (COVR-X1870), AC1900 Dual Band Whole Home Mesh Wi-Fi System (COVR-1900), AC1900 Dual Band Whole Home Mesh Wi-Fi Router (COVR-L1900), AC1750 Mesh-Enabled Smart Wi-Fi Router (DIR-1760), AC1300 MU-MIMO Wi-Fi Gigabit Router (DIR-853), 5G NR AX3000 Wi-Fi 6 Router (G530/XX, G530/XXX, G530/XXX), DSR-500/500AC, DSR-1000, 5G M2M Router (DWM-550-G), Nuclias Cloud-Managed Wireless VPN Gateway (DBG-X1000), AX1800 Mesh Wi-Fi 6 Range Extender (DAP-X1860), AC750 Mesh Wi-Fi Range Extender (DAP-1530), AC1900 Gigabit Dualband 3*3 11AC MU-MIMO Wi-Fi Range Extender (DAP-1955), AC1900 High Performance Mesh Wi-Fi Range Extender (DAP-1950), AX1800 Mesh Wi-Fi Extender (DAP-X1870), AC1750 High Performance Mesh Wi-Fi Range Extender (DAP-1750), AC1750 Gigabit Dualband 3*3 11AC MU-MIMO Wi-Fi Range Extender (DAP-1755), Intel WiFi 6 AX200 (AX200NGW), DAP-X1870, DAP-1750, DAP-1755, DAP-1955, DAP-1950, DAP-X1860, DAP-1530, DRA-2060, DWR-932C, D-Link AQUILA PRO AI AX3000 Wi-Fi 6 Smart Mesh Router w/ Wi-Fi 6 USB Adapter - MBUND30-1, Refurbished products- D-Link [Certified Refurbished] WiFi Range Extender, AC2000 Dual Band for Smart Home (DAP-1820/RE), D-Link

[Certified Refurbished] WiFi5 AC1200 Extender (DAP-1610/RE), D-Link [Certified Open Box] AQUILA PRO AI AX3000 Wi-Fi 6 Smart Mesh Extender (E30/RE), AQUILA PRO AI AX6000 Dual-Band Wi-Fi 6 Router (M60/RE), D-Link [Certified Refurbished] 2K QHD Indoor WiFi Camera mydlink - Night Vision, Sound Detection - DCS-8350LH/RE

13.    Defendant also instruct their customers, agents, employees, and affiliates regarding how to use the Accused Products for infringing purposes.  *See, e.g.*, Quick Installation Guide, D-LINK,  available  at  https://support.dlink.com/resource/PRODUCTS/DCS-8350LH/REVA/DCS-8350LH_A1_QIG_v1.03%28DI%29_90x130.pdf (last visited November 24, 2025) (providing the quick installation guide for installing and using 2K QHD Indoor Wi-Fi Camera DCS-8350LH).

14.    Defendant also import into the United States, distribute, and sell the Accused Products to end-users via the Internet and via distribution partners, retailers, reseller partners, and solution partners.  *See, e.g.*, *2K QHD Indoor Wi-Fi Camera DCS-8350LH*, DLINK, available at https://www.dlink.com/us/en/products/dcs-8350lh--2k-qhd-indoor-wi-fi-camera    (last    visited November 24, 2025); *D-Link mydlink 2K (1440p) Indoor WiFi Camera, 2K Resolution, Night Vision, AI Person Detection, 2-Way Audio, SD/Cloud Recording, Alexa, Google Assistant (DCS-8350LH)*, AMAZON.COM, available at https://www.amazon.com/D-Link-Resolution-Detection-Recording-DCS-8350LH/dp/B00PTQPKCS?th=1 (last visited November 24, 2025); *see also D-Link mydlink 2K (1440p) Indoor WiFi Camera, 2K Resolution, Night Vision, AI Person Detection, 2-Way Audio, SD/Cloud Recording, Alexa, Google Assistant (DCS-8350LH)*, WALMART.COM, available    at    https://www.walmart.com/ip/D-Link-mydlink-2K-1440p-Indoor-WiFi-Camera-Resolution-Night-Vision-AI-Person-Detection-2-Way-Audio-SD-Cloud-Recording-Alexa-

Google-Assistant-DCS-8350/5311559864 (last visited November 24, 2025).  Those sales occur in

the United States, and throughout Texas, including in this District.

15.    For these reasons and the additional reasons detailed below, the Accused Products

practice at least one claim of each of the Asserted Patents.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,483,878

16.    Integral Wireless repeats and re-alleges the allegations in the Paragraphs above as

though fully set forth in their entirety.

17.    The USPTO duly issued U.S. Patent No. 7,483,878 (hereinafter, the "'878 patent") on

January 27, 2009, after full and fair examination of Application No.: 10/464,418 which was filed

on June 17, 2003.  *See* '878 patent at p. 1.

18.    Integral Wireless owns all substantial rights, interest, and title in and to the '878 patent,

including the sole and exclusive right to prosecute this action and enforce said patent against

infringers and to collect damages for all relevant times.

19.    The written description of the '878 patent describes in technical detail each limitation

of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-

conventional and non-generic combination of claim limitations is patently distinct from and

improved upon what may have been considered conventional or generic in the art at the time of

the invention.

20.    The claims of the '878 patent are not directed to an abstract idea and are not limited to

well-understood, routine, or conventional activity.  Rather, the claimed inventions include

inventive components that improve methods and associated systems for generating and presenting

search results in a computer network.

21.    Defendant has directly infringed one or more claims of the '878 patent by making,

using, selling, offering for sale, importing into the United States, providing, supplying, or distributing the Accused Products.

22.    Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '878 patent, as detailed in **Exhibit A** (Evidence of Use Regarding Infringement of U.S. Patent No. 7,483,878).

23.    As just one example, as detailed in Exhibit A, Defendant, through the use and provision of the Accused Products, including but not limited to the D-Link Websites, performs a method of providing search results to an end-user over a computer network, the method comprising: receiving addressing information identifying a location in a computer network; processing the addressing information to generate a keyword; performing a search on the keyword to generate a search result; and presenting an end-user the search result responsive to the keyword that is based on the addressing information in response to the end-user navigating to the location using a client compute.

24.    Integral Wireless or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '878 patent.

25.    Integral Wireless has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Integral Wireless in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 7,676,007

26.    Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

27.     The USPTO duly issued U.S. Patent No. 7,676,007 (hereinafter, the "'007 patent") on March 9, 2010, after full and fair examination of Application No. 11/188,233 which was filed on July 21, 2005.  *See* '007 patent at p. 1.

28.     Integral Wireless owns all substantial rights, interest, and title in and to the '007 patent, including the sole and exclusive right to prosecute this action and enforce said patent against infringers and to collect damages for all relevant times.

29.     The written description of the '007 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

30.     The claims of the '007 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that relate to a multiple input multiple output system using orthogonal frequency division multiplexing, and more particularly, to systems using partial feedback for interpolation based transmit beamforming.

31.     Defendant has directly infringed and continue to directly infringe one or more claims of the '007 patent by making, using, selling, offering to sell, importing into the United States, providing, supplying, or distributing the Accused Products.

32.     Defendant has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least claim 1 of the '007 patent, as detailed in **Exhibit B** (Evidence of Use Regarding Infringement of U.S. Patent No. 7,676,007).

33.     For example, as detailed in Exhibit B, Defendant, through the provision and use of the

Accused Products, including but not limited to the D-Link 802.11ac Compatible Devices, provides communication apparatuses comprising: a plurality of antennas; and a transmitter coupled to the antennas and configured to provide to the antennas a plurality of output signals on a plurality of subcarriers for transmission to a receiver of another communication apparatus, wherein: the transmitter is configured to provide the output signals in response to a plurality of input signals and limited feedback information; the transmitter is configured to receive the limited feedback information from the receiver; the limited feedback information includes interpolation information and beamforming vectors for a subset of the subcarrriers; the transmitter is configured to derive beamforming vectors for at least one subcarrier of the plurality of subcarriers not included in the subset based at least on an interpolation of the beamforming vectors for a subset of the subcarriers; the interpolation is based at least in part on the interpolation information; and the interpolation information includes phase values.

34.     Upon information and belief, Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus has been willfully blind of Integral Wireless' patent rights.

35.     Defendant had actual knowledge of '007 patent since at least the time of receiving the original complaint in this action.

36.     Defendant has also indirectly infringed and continues to indirectly infringe one or more claims of the '007 patent by inducing others to directly infringe said claims.

37.     Defendant has induced end-users, including, but not limited to, Defendant's customers, employees, partners, or contractors, to directly infringe, either literally or under the doctrine of equivalents, one or more claims of the '007 patent by providing or requiring use of the Accused Products.

38.     Defendant has taken active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '007 patent, including, for example, claim 1.

39.     Such steps by Defendant include, among other things, advising or directing personnel, contractors, or end-users to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; distributing instructions that guide users to use the Accused Products in an infringing manner; and/or providing ongoing instructional and technical support to customer on their website on how to use the Accused Products in an infringing manner.

40.     Defendant is performing these steps, which constitute induced infringement with the knowledge of the '007 patent and with the knowledge that the induced acts constitute infringement.

41.     Defendant is aware that the normal and customary use of the Accused Products by others would infringe one or more claims of the '007 patent.

42.     Defendant's inducement is ongoing.

43.     Defendant has also indirectly infringed and continues to indirectly infringe by contributing to the infringement of one or more claims of the '007 patent.

44.     Defendant has contributed to the direct infringement of one or more claims of the '007 patent by their personnel, contractors, and customers.

45.     The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '007 patent, including, for example, claim 1.

46.     The special features constitute a material part of the invention of one or more of the claims of the '007 patent and are not staple articles of commerce suitable for substantial non-

infringing use.

47.    Defendant's contributory infringement is ongoing.

48.    Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

49.    Defendant's direct infringement of one or more claims of the '007 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Integral Wireless' rights under the patent.

50.    Integral Wireless or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '007 patent.

51.    Integral Wireless has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law.  Integral Wireless has and will continue to suffer this harm by virtue of Defendant's infringement of one or more claims of the '007 patent. Defendant's actions have interfered with and will interfere with Integral Wireless' ability to license technology.  The balance of hardships favors Integral Wireless' ability to commercialize its own ideas and technology.  The public interest in allowing Integral Wireless to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

52.    Integral Wireless has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Integral Wireless in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT III: INFRINGEMENT OF U.S. PATENT NO. 7,653,031

53.    Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though fully

set forth in their entirety.

54.     The USPTO duly issued U.S. Patent No. 7,653,031 (hereinafter, the "'031 patent") on January 26, 2010, after full and fair examination of Application No. 10/680,876 which was filed on October 8, 2003.  See '031 patent at p. 1.

55.     Integral Wireless owns all substantial rights, interest, and title in and to the '031 patent, including the sole and exclusive right to prosecute this action and enforce the '031 patent against infringers and to collect damages for all relevant times.

56.     The claims of the '031 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed invention discloses an inventive technique that enables both an IEEE 802.11 transceiver and a Bluetooth transceiver to be employed in a single wireless telecommunication station (e.g., a device supporting a wireless telephone, personal digital assistant, etc.) without interfering on each other..

57.     The written description of the '031 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

58.     Defendant has directly infringed one or more claims of the '031 patent by making, using, selling, offering for sale, importing into the United States, providing, supplying, or distributing the Accused Products.

59.     Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 15 of the '031 patent, as detailed in **Exhibit C** (Evidence of Use Regarding Infringement of U.S. Patent No. 7,653,031).

60.     As just one example, as detailed in <u>Exhibit C</u>, Defendant, through the use and provision of the Accused Products, including but not limited to the D-Link 802.11/BT Compatible Devices, provides an apparatus comprising: a first air interface subsystem comprising: a receiver configured for receiving a beacon frame in accordance with a first communications protocol using a shared-communications channel wherein the beacon frame comprises a beacon interval; a processor configured for determining a transmit opportunity on the shared-communications channel wherein the transmit opportunity is based on the time at which the beacon frame is received and on the beacon interval; and an interface configured for notifying a second air interface subsystem of the transmit opportunity, wherein the second air interface subsystem comprises a first transmitter, wherein the first transmitter is configured to communicate in accordance with a second communications protocol using the shared-communications channel, and wherein the first air interface subsystem and the second air interface subsystem are both configured to be associated with a same host computer.

61.     Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus has been willfully blind of Integral Wireless' patent rights.

62.     Defendant willfully blinded itself to the existence of the '031 patent and Defendant's infringement, but Defendant had actual knowledge of said patent since at least the time of receiving the original complaint in this action.

63.     Defendant has also indirectly infringed and continues to indirectly infringe one or more claims of the '031 patent by inducing others to directly infringe said claims.

64.     Defendant has induced end-users, including, but not limited to, Defendant's customers, employees, partners, or contractors, to directly infringe, either literally or under the

doctrine of equivalents, one or more claims of the '031 patent by providing or requiring use of the Accused Products.

65.    Defendant has taken active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '031 patent, including, for example, claim 15.

66.    Such steps by Defendant include, among other things, advising or directing personnel, contractors, or end-users to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; distributing instructions that guide users to use the Accused Products in an infringing manner; and/or providing ongoing instructional and technical support to customer on their website on how to use the Accused Products in an infringing manner.

67.    Defendant is performing these steps, which constitute induced infringement with the knowledge of the '031 patent and with the knowledge that the induced acts constitute infringement.

68.    Defendant is aware that the normal and customary use of the Accused Products by others would infringe one or more claims of the '031 patent.

69.    Defendant's inducement is ongoing.

70.    Defendant has also indirectly infringed and continues to indirectly infringe by contributing to the infringement of one or more claims of the '031 patent.

71.    Defendant has contributed to the direct infringement of one or more claims of the '031 patent by their personnel, contractors, and customers.

72.    The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '031 patent, including, for example, claim 15.

73.     The special features constitute a material part of the invention of one or more of the claims of the '031 patent and are not staple articles of commerce suitable for substantial non-infringing use.

74.     Defendant's contributory infringement is ongoing.

75.     Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

76.     Defendant's direct infringement of one or more claims of the '031 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Integral Wireless' rights under the patent.

77.     Integral Wireless or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '031 patent.

78.     Integral Wireless has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law.  Integral Wireless has and will continue to suffer this harm by virtue of Defendant's infringement of one or more claims of the '031 patent. Defendant's actions have interfered with and will interfere with Integral Wireless' ability to license technology.  The balance of hardships favors Integral Wireless' ability to commercialize its own ideas and technology.  The public interest in allowing Integral Wireless to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

79.     Integral Wireless has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Integral Wireless in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 7,398,408

80.    Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

81.    The USPTO duly issued U.S. Patent No. 7,398,408 (hereinafter, the "'408 patent") on July 8, 2008, after full and fair examination of Application No. 10/995,188 which was filed on November 24, 2004.  *See* '408 patent at p. 1.

82.    Integral Wireless owns all substantial rights, interest, and title in and to the '408 patent, including the sole and exclusive right to prosecute this action and enforce the '408 patent against infringers and to collect damages for all relevant times.

83.    The claims of the '408 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, as just one example, the claimed invention includes inventive components that improve systems and methods for accessing computing devices over wireless local area networks and more particularly to systems and methods for waking computing devices from a powered down or sleep state with signals sent over wireless local area networks.

84.    The written description of the '408 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

85.    Defendant has directly infringed one or more claims of the '408 patent by making, using, selling, offering for sale, importing into the United States, providing, supplying, or distributing the Accused Products.

86.    Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '408 patent, as detailed in **Exhibit D** (Evidence of Use Regarding Infringement of U.S. Patent No. 7,398,408 (BLE)) and **Exhibit E** (Evidence of Use Regarding Infringement of  U.S. Patent No. 7,398,408 (BR-EDR)).

87.    As just one example, as detailed in Exhibit D and Exhibit E, Defendant, through the use and provision of the Accused Products, including but not limited to the D-Link Bluetooth Devices, performs a method for waking a computing device over a wireless network comprising: broadcasting a signal containing a wake-up data sequence for at least one computing device over a wireless network, wherein broadcasting the signal comprises periodically broadcasting the signal over one or more wireless channels until either a first predetermined time period expires or a confirmation signal is received; receiving the broadcast signal at the at least one computing device, while that device is in a reduced power mode, wherein receiving comprises first entering a wake-up data sequence detection mode; scanning the received signal for a wake-up data sequence for that computing device, wherein scanning is performed until either the wake-up data sequence for that computing device is received or a second predetermined time period expires; and restoring that computing device to a full power mode upon detection of a wake-up data sequence for that device and exiting the wake-up data sequence detection mode if the second predetermined time period expires.

88.    Integral Wireless or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '408 patent.

89.    Integral Wireless has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Integral Wireless in an amount that compensates it for

such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT V: INFRINGEMENT OF U.S. PATENT NO. 8,812,888

90.     Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

91.     The USPTO duly issued U.S. Patent No. 8,812,888 (hereinafter, the "'888 patent") on August 19, 2014, after full and fair examination of Application No. 13/901,817 which was filed on May 24, 2013.  *See* '888 patent at p. 1.

92.     Integral Wireless owns all substantial rights, interest, and title in and to the '888 patent, including the sole and exclusive right to prosecute this action and enforce the '888 patent against infringers and to collect damages for all relevant times.

93.     The claims of the '888 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, as just one example, the claimed invention includes inventive components that improve the function and operation of computing devices by providing systems and methods for accessing computing devices over wireless local area networks and more particularly to systems and methods for waking computing devices from a powered down or sleep state with signals sent over wireless local area networks.

94.     The written description of the '888 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

95.     Defendant has directly infringed one or more claims of the '888 patent by making,

using, selling, offering for sale, importing into the United States, providing, supplying, or distributing the Accused Products.

96.    Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '888 patent, as detailed in **Exhibit F** (Evidence of Use Regarding Infringement of U.S. Patent No. 8,812,888 (BLE)) and **Exhibit G** (Evidence of Use Regarding Infringement of U.S. Patent No. 8,812,888 (BR-EDR)).

97.    As just one example, as detailed in Exhibit F and Exhibit G, Defendant, through the use and provision of the Accused Products, including but not limited to the D-Link Bluetooth Devices, performs a method comprising: scanning for a wake-up packet addressed to a wireless device, wherein the wake-up packet is configured to cause the wireless device to initiate a switch from operating in a first power mode to operating in a second power mode, wherein the scanning is performed for a predetermined period of time; and ceasing to scan for the wake-up packet addressed to the wireless device in response to not receiving the wake-up packet after the predetermined period of time has elapsed.

98.    Integral Wireless or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '888 patent.

99.    Integral Wireless has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Integral Wireless in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT VI: INFRINGEMENT OF U.S. PATENT NO. 7,949,068

100.    Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though fully

set forth in their entirety.

101.    The USPTO duly issued U.S. Patent No. 7,949,068 (hereinafter, the "'068 patent") on May 24, 2011, after full and fair examination of Application No. 12/698,090 which was filed on February 1, 2010.  *See* '068 patent at p. 1.

102.    Integral Wireless owns all substantial rights, interest, and title in and to the '068 patent, including the sole and exclusive right to prosecute this action and enforce the '068 patent against infringers and to collect damages for all relevant times.

103.    The claims of the '068 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed invention includes inventive components that improve systems and methods for data transmission.

104.    The written description of the '068 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

105.    Defendant has directly infringed one or more claims of the '068 patent by making, using, selling, offering for sale, importing into the United States, providing, supplying, or distributing the Accused Products.

106.    Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 17 of the '068 patent, as detailed in **Exhibit H** (Evidence of Use Regarding Infringement of U.S. Patent No. 7,949,068).

107.    As just one example, as detailed in Exhibit H, Defendant, through the use and provision of the Accused Products, including, but not limited to, the D-Link 802.11n Compatible

Devices, performs a method comprising: generating a set of one or more extension data streams based on a set of base data streams, wherein at least one data stream of the set of one or more extension data streams is the product of a matrix multiplication of the set of base data streams with a unitary matrix; and initiating the transmission of each data stream of the sets of base and one or more extension data streams from a separate corresponding transmit antenna.

108.     Defendant has a policy or practice of not reviewing the patents of others, including instructing their employees to not review the patents of others, and thus have been willfully blind of Integral Wireless' patent rights.

109.     Defendant willfully blinded itself to the existence of the '068 patent and Defendant's infringement, but Defendant had actual knowledge of the '068 patent since at least the time of receiving the original complaint in this action.

110.     Defendant has also indirectly infringed one or more claims of the '068 patent by inducing others to directly infringe said claims.

111.     Defendant has induced end-users, including, but not limited to, Defendant's customers, employees, partners, or contractors, to directly infringe, either literally or under the doctrine of equivalents, one or more claims of the '068 patent by providing or requiring use of the Accused Products.

112.     Defendant took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '068 patent, including, for example, claim 17.

113.     Such steps by Defendant included, among other things, advising or directing personnel, contractors, or end-users to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; distributing

instructions that guide users to use the Accused Products in an infringing manner; and/or providing ongoing instructional and technical support to customer on their website on how to use the Accused Products in an infringing manner.

114.    Defendant is performing these steps, which constitute induced infringement with the knowledge of the '068 patent and with the knowledge that the induced acts constitute infringement. Defendant is aware that the normal and customary use of the Accused Products by others would infringe one or more claims of the '068 patent.

115.    Defendant's inducement is ongoing.

116.    Defendant has also indirectly infringed by contributing to the infringement of one or more claims of the '068 patent.

117.    Defendant has contributed to the direct infringement of one or more claims of the '068 patent by their personnel, contractors, and customers.

118.    The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '068 patent, including, for example, claim 17.

119.    The special features constitute a material part of the invention of one or more of the claims of the '068 patent and are not staple articles of commerce suitable for substantial non-infringing use.

120.    Defendant's contributory infringement is ongoing.

121.    Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

122.    Defendant's direct infringement of one or more claims of the '068 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Integral Wireless'

rights under the patent.

123.    Integral Wireless or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '068 patent.

124.    Integral Wireless has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law.  Integral Wireless has and will continue to suffer this harm by virtue of Defendant's infringement of one or more claims of the '068 patent. Defendant's actions have interfered with and will interfere with Integral Wireless' ability to license technology.  The balance of hardships favors Integral Wireless' ability to commercialize its own ideas and technology.  The public interest in allowing Integral Wireless to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

125.    Integral Wireless has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Integral Wireless in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**COUNT VII: INFRINGEMENT OF U.S. PATENT NO. 8,139,544**

126.    Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

127.    The USPTO duly issued U.S. Patent No. 8,139,544 (hereinafter, the "'544 patent") on March 20, 2012, after full and fair examination of Application No. 11/121,743, which was filed on May 4, 2005.  *See* '544 patent at p. 1.

128.    Integral Wireless owns all substantial rights, interest, and title in and to the '544 patent, including the sole and exclusive right to prosecute this action and enforce the '544 patent against

infringers and to collect damages for all relevant times.

129.    The claims of the '544 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, as just one example, the claimed invention includes inventive components that improve wireless communication systems and methods by disclosing a pilot tone processing system comprises pilot tone logic configured to receive first pilot tone data corresponding to a first transmit antenna and second pilot tone data corresponding to a second transmit antenna and separate the first pilot tone data from the second pilot tone data.

130.    The written description of the '544 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

131.    Defendant has directly infringed one or more claims of the '544 patent by making, using, selling, offering for sale, importing into the United States, providing, supplying, or distributing the Accused Products.

132.    Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 15 of the '544 patent, as detailed in **<u>Exhibit I</u>** (Evidence of Use Regarding Infringement of U.S. Patent No. 8,139,544).

133.    As just one example, as detailed in <u>Exhibit I</u>, Defendant, through the use and provision of the Accused Products, including but not limited to D-Link 802.11n Compatible Devices, provides a system comprising: a receiver device configured to: receive a first signal transmitted on a first communications, from a first antenna, path and a second signal transmitted, from a second

antenna, on a second communications path, wherein the first signal includes a first set of data subcarriers and a first set of pilot subcarriers, and wherein the second signal includes a second set of data subcarriers and a second set of pilot subcarriers; separate the first set of data subcarriers from the second set of data subcarriers and separate the first set of pilot subcarriers from the second set of pilot subcarriers according to a signal separating function, wherein the signal separating function is based on a first channel estimate for the first communications path and a second channel estimate for the second communications path; and match-filter combine at least one pilot subcarrier from the first set of pilot subcarriers with at least one pilot subcarrier of the second set of pilot subcarriers.

134.    Defendant has a policy or practice of not reviewing the patents of others, including instructing their employees to not review the patents of others, and thus have been willfully blind of Integral Wireless' patent rights.

135.    Defendant willfully blinded itself to the existence of the '544 patent and Defendant's infringement, but Defendant had actual knowledge of the '544 patent since at least the time of receiving the original complaint in this action.

136.    Defendant has also indirectly infringed one or more claims of the '544 patent by inducing others to directly infringe said claims.

137.    Defendant has induced end-users, including, but not limited to, Defendant's customers, employees, partners, or contractors, to directly infringe, either literally or under the doctrine of equivalents, one or more claims of the '544 patent by providing or requiring use of the Accused Products.

138.    Defendant took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one

or more claims of the '544 patent, including, for example, claim 15.

139.    Such steps by Defendant included, among other things, advising or directing personnel, contractors, or end-users to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; distributing instructions that guide users to use the Accused Products in an infringing manner; and/or providing ongoing instructional and technical support to customer on their website on how to use the Accused Products in an infringing manner.

140.    Defendant is performing these steps, which constitute induced infringement with the knowledge of the '544 patent and with the knowledge that the induced acts constitute infringement. Defendant is aware that the normal and customary use of the Accused Products by others would infringe the '544 patent.

141.    Defendant's inducement is ongoing.

142.    Defendant has also indirectly infringed by contributing to the infringement of one or more claims of the '544 patent.

143.    Defendant has contributed to the direct infringement of one or more claims of the '544 patent by their personnel, contractors, and customers.

144.    The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '544 patent, including, for example, claim 15.

145.    The special features constitute a material part of the invention of one or more of the claims of the '544 patent and are not staple articles of commerce suitable for substantial non-infringing use.

146.    Defendant's contributory infringement is ongoing.

147.    Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

148.    Defendant's direct infringement of one or more claims of the '544 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Integral Wireless' rights under the patent.

149.    Integral Wireless or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '544 patent.

150.    Integral Wireless has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law.  Integral Wireless has and will continue to suffer this harm by virtue of Defendant's infringement of one or more claims of the '544 patent. Defendant's actions have interfered with and will interfere with Integral Wireless' ability to license technology.  The balance of hardships favors Integral Wireless' ability to commercialize its own ideas and technology.  The public interest in allowing Integral Wireless to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

151.    Integral Wireless has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Integral Wireless in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT VIII: INFRINGEMENT OF U.S. PATENT NO. 7,269,127

152.    Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

153.    The USPTO duly issued U.S. Patent No. 7,269,127 (hereinafter, the "'127 patent") on

September 11, 2007, after full and fair examination of Application No. 10/264,546 which was filed on October 4, 2002. *See* '127 patent at p. 1.

154.    Integral Wireless owns all substantial rights, interest, and title in and to the '127 patent, including the sole and exclusive right to prosecute this action and enforce the '127 patent against infringers and to collect damages for all relevant times.

155.    The claims of the '127 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, as just one example, the claimed invention includes inventive components that improve  communication systems and, more particularly, to single-input, single-output (SISO) and multi-input, multi-output (MIMO) communication system.

156.    The written description of the '127 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

157.    Defendant has directly infringed one or more claims of the '127 patent by making, using, selling, offering for sale, importing into the United States, providing, supplying, or distributing the Accused Products.

158.    Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 20 of the '127 patent, as detailed in **Exhibit J** (Evidence of Use Regarding Infringement of U.S. Patent No. 7,269,127).

159.    As just one example, as detailed in Exhibit J, Defendant, through the use and provision of the Accused Products, including but not limited to the D-Link 802.11n Compatible Devices,

performs a method of forming a frame structure that is transmitted in a communication system, the method comprising the steps of: providing data blocks; providing training blocks; combining the data blocks and training blocks in a parallel format to provide a parallel combination; taking an inverse discrete fourier transform (IDFT) of the parallel combination to form IDFT blocks; inserting the cyclic prefixes between the IDFT blocks to form parallel symbols; converting the parallel symbols to serial format to form a preamble structure and a data structure, the preamble structure comprising at least one training symbol and an enhanced training symbol; the data structure comprising a plurality of data symbols; forming data symbols such that each data symbol comprises a cyclic prefix and a data block, the cyclic prefix having a number of samples G, the data block having a number of samples N; and forming a preamble structure having an enhanced training symbol, the enhanced training symbol comprising a cyclic prefix and a training block, the cyclic prefix having a number of samples G, the training block having a number of samples $N_I$ such that $N_I=N/I$, where I is an integer and $G=N_I/4$.

160. Integral Wireless or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '127 patent.

161. Integral Wireless has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to Integral Wireless in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

162. Integral Wireless hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

163.     Integral Wireless requests that the Court find in its favor and against Defendant, and that the Court grant Integral Wireless the following relief:

a. Judgment that one or more claims of each of the Asserted Patents has been infringed, either literally or under the doctrine of equivalents, by Defendant or others acting in concert therewith;

b. A permanent injunction enjoining Defendant and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the '007 patent, the '031 patent, the '068 patent, and the '544 patent; or, in the alternative, an award of a reasonable ongoing royalty for future infringement of said patents by such entities;

c. Judgment that Defendant account for and pay to Integral Wireless all damages to and costs incurred by Integral Wireless because of Defendant's infringing activities and other conduct complained of herein;

d. Judgment that Defendant's infringements be found willful as to the '007 patent, the '031 patent, the '068 patent, and the '544 patent, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

e. Pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

f. That this Court declare this an exceptional case and award Integral Wireless its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

g. All other and further relief as the Court may deem just and proper under the circumstances.

Dated: <u>April 1, 2026</u>                    Respectfully submitted,

By: <u>*/s/ James F. McDonough, III*</u>

James F. McDonough, III (GA 117088) *
**ROZIER HARDT MCDONOUGH, PLLC**
659 Auburn Avenue NE, Unit 254
Atlanta, Georgia 30312
Telephone: (404) 564-1866
Email: jim@rhmtrial.com

Jonathan L. Hardt (TX 24039906) *
**ROZIER HARDT MCDONOUGH, PLLC**
712 W. 14th Street, Suite A
Austin, Texas 78701
Telephone: (210) 289-7541
Email: hardt@rhmtrial.com

*Attorneys for Plaintiff INTEGRAL WIRELESS TECHNOLOGIES LLC*

* Admitted to the Western District of Texas

**List of Attachments**

- Civil Cover Sheet

**List of Exhibits**

 A. Evidence of Use Regarding Infringement of U.S. Patent No. 7,483,878

 B. Evidence of Use Regarding Infringement of U.S. Patent No. 7,676,007

 C. Evidence of Use Regarding Infringement of U.S. Patent No. 7,653,031

 D. Evidence of Use Regarding Infringement of U.S. Patent No. 7,398,408 (BLE)

 E. Evidence of Use Regarding Infringement of  U.S. Patent No. 7,398,408 (BR-EDR)

 F. Evidence of Use Regarding Infringement of U.S. Patent No. 8,812,888 (BLE)

 G. Evidence of Use Regarding Infringement of U.S. Patent No. 8,812,888 (BR-EDR)

 H. Evidence of Use Regarding Infringement of U.S. Patent No. 7,949,068

 I. Evidence of Use Regarding Infringement of U.S. Patent No. 8,139,544

 J. Evidence of Use Regarding Infringement of U.S. Patent No. 7,269,127

**List of Supporting Links**

1. U.S. Patent No. 7,483,878, USPTO, https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/7483878.

2. U.S. Patent No. 7,676,007, USPTO, https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/7676007.

3. U.S. Patent No. 7,653,031, USPTO, https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/7653031.

4. U.S. Patent No. 7,398,408, USPTO, https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/7398408.

5. U.S. Patent No. 8,812,888, USPTO, https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/8812888.

6. U.S. Patent No. 7,949,068, USPTO, https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/7949068.

7. U.S. Patent No. 8,139,544, USPTO, https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/8139544.

8. U.S. Patent No. 7,269,127, USPTO,
   https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/7269127.